UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JUDITH LUNCEFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:16CV59-PPS |
| | ) | |
| NANCY BERRYHILL, Acting Commissioner | ) | |
| of the Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Judith Lunceford appeals the Social Security Administration's final decision denying her application for a period of disability and for disability insurance benefits under sections 216(i) and 223 of the Social Security Act. That denial is in a written decision of an Administrative Law Judge, entered after a hearing at which Lunceford and her husband appeared and testified.[2] [AR 12-27; AR 33-83.]

Lunceford is a high school graduate who turns 55 on her birthday in June 2017. [AR at 38.] She is married with a teenage daughter. [AR at 39.] At the ALJ's hearing on July 10, 2014, Lunceford testified that she had not driven a car for two years. [AR at 39.] Her alleged onset date of disability was February 1, 2009, although she had worked 10

---

[1] On January 23, 2017, Nancy Berryhill became the Acting Commissioner of Social Security. Fed.R.Civ.P. 25(d) provides for Berryhill's automatic substitution in place of her predecessor, Carolyn Colvin.

[2] The administrative record [AR] is found in the court record at docket entry 9, and consists of 765 pages. I will cite to its pages according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

hours a week from December 2011 to June 2012 as a recess monitor at an elementary school. [AR at 42.] Lunceford had previously worked at American Stationery beginning in 1993 but was laid off in 2009. [AR at 44-45.] For American Stationery, Lunceford had been a customer service representative and then a customer service manager. [AR at 45-46.]

Lunceford agrees with the ALJ's determinations of her severe impairments – lumbar spine degenerative disc disease, osteoarthritis of the knee, obstructive sleep apnea, restless leg syndrome, obesity, depression, anxiety, and psychotic disorder. [DE 18 at 4-5; AR at 14.] The ALJ concluded (and Lunceford does not here dispute) that Lunceford's impairments do not conclusively establish disability by meeting or equaling the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. [AR at 15.] Based on the ALJ's findings as to Lunceford's residual functional capacity as well as her age, education and work experience, the ALJ concluded that jobs Lunceford can perform exist in significant numbers in the national economy, and that Lunceford is not disabled. [AR at 26-27.]

If substantial evidence supports the Commissioner's factual findings, they are conclusive. 42 U.S.C. §405(g). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Review of the ALJ's findings is deferential. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In making a substantial evidence determination, I must review the

2

record as a whole, but I can't re-weigh the evidence or substitute my judgment for that of the ALJ. *Id*

Lunceford presents a single argument in support of her appeal, namely that the ALJ improperly ignored the opinion of Lunceford's treating physician, Dr. William Hoover. [DE 18 at 8.] In particular, Lunceford refers to Dr. Hoover's statement dated June 30, 2014 (10 days prior to the ALJ's hearing) written on a prescription pad: "Judith uses a cane due to fibromyalgia pain and history of falls due to problems with balance. I am recommending a rolling walker to give even more support. She has used a cane for 3 years." [AR at 303.] The significance of this information, Lunceford suggests, is that if the ALJ had found that she requires a cane or walker then she would have been found to be disabled. [DE 18 at 8.]

Lunceford's rationale is that the "vocational expert testified that the use of a cane would preclude light work" and that the ALJ "admitted at the hearing that Ms. Lunceford would be found disabled under the medical vocational guidelines if she were limited to sedentary work." [DE 18 at 8.] The first half of this statement is clearly correct. In response to questions by Lunceford's counsel, the VE testified that the necessity of a cane for standing and walking would preclude the performance of light work. [AR at 81.] The second half of Lunceford's contention -- that the ALJ "admitted" that Lunceford would be disabled if limited to the sedentary category of work -- is not supported in the cited page of the hearing transcript.

3

Under what is called the "Treating Physician Rule," a treating doctor's "opinion 'regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record.'" *Brown v. Colvin*, 845 F.3d 247, 252 (7th Cir. 2016), quoting *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000). More weight is accorded to the opinions of treating physicians "because they are most familiar with the claimant's conditions and circumstances." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016). An ALJ must provide sound reasons for discounting the disability opinion of a treating physician. *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014). Given the deference afforded to treating physicians, the ALJ "was required to explicitly consider the details of the treatment relationship and explain the weight he was giving the opinion." *Meuser v. Colvin*, 838 F.3d 905, 912 (7th Cir. 2016). Failure to do so is cause for remand. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011).

Lunceford's contention that the ALJ "ignored" Dr. Hoover's opinions is plainly wrong. Far from overlooking Hoover's views, the ALJ's discussion contains an express acknowledgment of Hoover's note concerning Lunceford's use of a cane and his suggestion of a walker, as well as his stated belief that Lunceford is disabled. [AR at 20, 24.] Further, the ALJ clearly was aware of the standards applicable to her consideration of Dr. Hoover's opinions, which she quotes. [AR at 24.]

Neither is Lunceford persuasive in contending that the ALJ inadequately supported the weight she gave Hoover's opinions. Inconsistency with the doctor's own

4

examinations or the broader medical record can be a reasonable explanation for giving little weight to his opinion that a claimant is disabled. *Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015); *Givens v. Colvin*, 551 Fed.Appx. 855, 860 (7th Cir. 2013). The ALJ's decision provides a detailed analysis of her conclusion that, based on contrary indications in the medical record, Lunceford's claims of reliance on a cane or walker were not reliable. After acknowledging Lunceford's hearing testimony and her various health complaints, the ALJ explains her determination that Lunceford's treatment record "fails to support many of her symptoms," including difficulty walking, and that her allegations are "not completely credible." [AR at 20.] This explanation is the better part of six pages of the decision – hardly a failure to explain her reasoning.

Particular to the issue of needing a cane, the ALJ notes that records of Lunceford's visits to Dr. Hoover in 2010, 2011 and 2012 (by which time Lunceford claimed to be using a cane) "document physical exams that consistently indicate no motor or sensory deficits or gait abnormalities." [AR at 21.] The ALJ reviews Lunceford's November 2013 visit to an orthopedic surgeon, Dr. Praveen C. Perni, for complaints of leg and back pain, at which Lunceford herself denied any "gait disturbances." [*Id.*, citing AR at 537.] The ALJ's discussion acknowledges that in June 2014 Lunceford saw another orthopedic surgeon concerning bilateral knee pain. [AR at 22.] At that visit Lunceford "denie[d] any frank catching locking or giving way episodes." [AR at 751.] The doctor noted that Lunceford walked with a slight limp but that an x-ray report revealed a normal left knee and only mild degenerative changes in

5

the right knee. [AR at 22.] The ALJ observes that although Lunceford used a cane to come to the administrative hearing and reported using a cane for several years prior, "she consistently denied any falls between visits, her fall risk was considered 'low,' and examinations showed generally normal gait." [*Id.*]

The ALJ goes on to explain that "[d]espite [Lunceford's] claims of using a cane secondary to falling, fainting, or balance issues, a closer review of the medical evidence of record for the alleged three year period reflects no reports of falls, fainting, or balance issues," citing numerous medical records. [AR at 22.] Moreover, citing additional medical records the ALJ writes that "numerous physical exams indicate that [Lunceford's] gait is normal or no ataxia present." [*Id.*] Relevant to a need for a cane or walker, the ALJ also notes that in April and May 2012, medical records reflected that Lunceford was exercising regularly and "contain[ed] assessments of her muscle strength, motor, or various other neurological signs that are within normal limits." [AR at 23.]

To the extent that pain might have warranted the use of the cane, the ALJ also cites discrepancies about Lunceford's "allegations of severe debilitating pain levels," with reference to medical evidence of record that "documents numerous instances where treating sources describe the claimant as 'in no acute distress' or does not appear to be in any distress." [*Id.*] After reviewing these and other medical records pertaining to Lunceford's various impairments, the ALJ states her conclusion that "the medical evidence of record fails to support the use of a cane for the past three years or the

6

current medical necessity for same." [AR at 24.] This extensive analysis of the medical record can hardly be fairly characterized as a failure to take into consideration all of the evidence in the record and discuss significant evidence contrary to her ruling.

Dr. Hoover's "To Whom it May Concern" letter expressing the view that Lunceford was disabled requires little additional discussion. The letter is dated June 23, 2014, just several weeks prior to the administrative hearing. To his credit, Dr. Hoover includes his own disclaimer – "I am not a disability determining physician." [AR at 746.] In any event, the legal determination whether a claimant's disability qualifies her for social security benefits is ultimately reserved for the Commissioner, but that truism alone is not a basis on which to dismiss a physician's opinion on the subject. *Garcia v. Colvin*, 741 F.3d 758, 760 (7th Cir. 2013). So I will examine the adequacy of the other reasons the ALJ gives.

After setting forth the standard for giving controlling weight to a treating source's medical opinion, the ALJ explains that she "decline[s] to assign persuasive weight to said opinion for various reasons." [AR at 24.] As the ALJ's extensive discussion explains, those reasons are, in sum, that the ALJ found Dr. Hoover's own treatment records to be "inconsistent with a complete inability to sustain work commensurate with the residual functional capacity adopted herein." [AR at 25.] More particularly, as the ALJ had previously explained in greater detail, she found that numerous cited records of Dr. Hoover's treatment of Lunceford "consistently detail very little, if any, neurological abnormalities or gait issues" and also "contradict the

7

claimant's allegations of disabling pain." [*Id.*] Inconsistency with substantial medical evidence of record, particularly the treating physician's own medical evidence, is a legitimate basis for discounting Dr. Hoover's opinion that Lunceford is disabled for purposes of a Social Security benefits determination.

In the course of her discussion of Dr. Hoover's views, Lunceford also complains that the ALJ failed to give good reasons for discrediting the view of consultative examiner Dr. William Terpstra, who opined that Lunceford could not stand or walk for two hours of an eight-hour work day and had severe impairment in the areas of standing, walking, lifting and carrying. [DE 18 at 10, 12; AR at 486.] The ALJ must also give a sufficient explanation of the weight she gives an examining doctor's disability opinion. "Although an ALJ is not required to accept the views of an agency examining physician if there is a contrary opinion from a later reviewer or other compelling evidence, the ALJ still must have a good explanation for rejecting or discounting the examining physician's opinion." *Czarnecki v. Colvin*, 595 Fed.Appx. 635, 642 (7th Cir. 2015). The answer with respect to Dr. Terpstra is essentially the same as the answer for Dr. Hoover: the ALJ gave a thorough and more than sufficient explanation of her conclusion contrary to theirs concerning Lunceford's functionality in the areas of standing and walking.

I resist Lunceford's invitation to re-weigh the evidence, and instead determine that the ALJ's decisions on the questions raised by Lunceford's appeal are supported by substantial evidence and that the ALJ built an accurate and logical bridge between the

8

evidence and her conclusions.  *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014).  The Commissioner's final decision must be affirmed.

**ACCORDINGLY:**

The final decision of the Commissioner of Social Security denying plaintiff Judith Lunceford's application for a period of disability and for disability insurance benefits is AFFIRMED.

The Clerk shall enter judgment against plaintiff and in favor of defendant.

**SO ORDERED**.

ENTERED: June 14, 2017

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**